Oct. 2, 2015

Court of CRIMINAL APPEALS
P.O. Box 12308, CAPITOL STATION
Austin, Texas 78711

RE: Supplement to Writ of Habeas Corus
Trial Case No. 11965(C)
Writ No. WR-38,621-05

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

Dear Clerk Abel Acosta,

Please file the supplied Supplement in this Court under the above Writ No.s.

Thank You
Sincerely

Jeffrey L. Ward
_____
Applicant Pro-Se

CAUSE NO. 11965(C)
WR-38,681-05

Jeffrey L. Ward, Pro Se      }    In The Court

VS.      }    OF

The State OF Texas      }    CRIMINAL APPEALS

---

## SUPPLEMENT TO APPLICANT'S WRIT OF HABEAS CORPUS

Applicant complains in his application for Habeas Corpus in the Actual Innocence grounds. That the Evidentuary Hearing that was heard by Judge Bascom W. Bentley III on July 8, 1993, was not a full and fair hearing "A Partial Hearing". The evidence heard at the time was in reguard to the Witnesses Recantation. Stating she lied at trial because of coercion, by threats of death to her and her mother from the other alleged victims mother, and her manfriend who unbeknownst to Tabitha Brown at that time, was capable of murder and rape. Proving it, by his conviction at this same Court, several years after the assaults reported by Tabitha. Where she stated, she and her mother were slapped accross there faces by AL CLARK JR, outside the Court room doors during Ward's trial.

Applicant asserts, that he has a letter from his sister in his possesion, which states (" There was a note stating that Tabitha Brown was at the DAs office to recant her testimony. However, She was observed out in the hall prior to entering the area of testimony, and was observed that her "father" slapped her across the face. Ofcourse she cried at this".)). Ofcourse this was not her father, but instead, was Al Clark. Tabitha's father was not in Texas at the time of trial.

1.

Applicant would also point this Court's attention to the trial record. At the trials opening. As Tabitha, being the first witness to enter the Courtroom. Immediately after her alleged assault in the hall. Tabitha enters the Courtroom being literally dragged by her mother who's in tears, while Tabitha is screaming at the top of her lungs. Crying relentlessly, and grabbing onto anything she could. When she did reach the witness stand, she refused to do any testimony. Was wrongfully pronounced Unavailable as a witness by the State, Rule 804 T.R.E. However, that rule doesn't apply when a witness is being threatened. Applicants entire Appeal consisted of the Rule 804 issue, but since the State did not allow the Appeal Court to view the Evidentuary Hearing Transcript, because of there not filing a Motion for leave to file the out of time transcript, did prevent the 12th Court of Appeals from concidering the assault of witnesses at Ward's trial. Not allowing that Court to concider the 804 (A) issue.

Applicants Attorney, did object at Tabitha's entering the Courtroom. Mistrial was requested, and denied. The actions of Tabitha fully indicate's that she was assaulted just prior to her entering the Courtroom. Sheriff's deputies testified, that Tabitha had repeatedly told them that she loved "Jeff" and did not want him to go to jail. So that would indicate Tabitha wasn't scared of the Applicant, leaving only the murdering rapist, who Tabitha states did assault her and her mother, as the only likely culprit.

Applicant insists that the "partial" hearing violated due process where Tabitha never fully testified of CLARK'S assault, as there were many questions to be asked, concirning this issue. As were there other's who saw you being slapped? Tabitha's mother did not testify, not allowing her to tell of others who witnessed this event. The abuse of discretion by Judge Bentley II, caused all avaiable evid.

2.

at that time to more likely than not, to be lost forever. Judge Bentley Should not have power to prevent evidence from being heard at an Evidentuary Hearing, evidence which Proves the assault, and the coercion of witnesse's of a trial he had conducted. Harm to this Applicant was done, by the Judge's Preventing evidence from its being Presented, that more likely than not, would cause a jury if they were to hear this "New Evidence", would find the Applicant Innocent.

Respectfully Submitted

*Jeffrey L. Ward*

Jeffrey L. Ward, Pro-se

## Inmates Declaration

I Jeffrey L. Ward, am the Applicant being presently incarcerated in the Huntsville's Wynne Unit do declare under Penalty of Periury that according to my belief, the facts stated in the Supplement Presented now before this Court, and in conjunction with the filed Habeas Corpus WR-38,681-05, Art. 11.07 are true and correct.

Signed on Oct. 2, 2015

*Jeffrey L. Ward*

Signature of Applicant

## CERTIFICATE OF SERVICE

By my hand I do swear that a true and correct copy of the foregoing document was mailed to the Clerk of the 2nd Judicial District Court of Cherokee County, at Rusk, Tx., Ms. Janet Gates, District Clerk 135 S. main St., 2nd floor, Rusk, Texas 75785 with the proper postage attached, on this day the 2nd of Oct., 2015

Jeffrey L. Ward
Applicant Pro-Se